Judge Stites
delivered the opinion of the Court.
Humphrey Hill, the husband of the appellant, and grantor of the appellee, had conveyed the land in question during coverture, and in such cases, as repeatedly held by this court, the dowress is not entitled to back rents, even from the commencement of the suit. (Webber vs. Burgess, M. S. opinion, June term, 1855. 4 Ben. Mon., 368.) The failure to allow Mrs. Hill back rents, from the beginning of the suit, was therefore not erroneous.
The judgment upon the counter claim against the heirs at law of Humphrey Hill, is, however, deemed erroneous.
First. Because it is for too much. The extent of the liability of the estate of the grantor upon the warranty, is that proportion of one-third of the consideration paid for the land, which the value of her life estate in the allotment made, bears to the value of an estate in fee therein. This is a case of an eviction by paramount title, to the extent of a life estate in one-third in value of the land. The consideration paid is to be considered, in determinr ing the criterion of the damages to be recovered, a*M the proportion of that consideration estimated ag above indicated, is the extent of the grantee’s . . . „ , demand upon the estate of her grantor.
Second. The judgment was unauthorized as a counter claim against the heirs of Humphrey Hill.— The Civil Code, {sec. 126,) limits in terms, a counter claim to “ a cause of action in favor of the defendants or some of them, against the plaintiffs or some of them, arising out of the contract, or transactions set forth in the petition, as the foundation of the plaintifi’s claim, or connection with the subject of the . ,, action.
*555 The counter claim here is based upon the warranty of the grantor, in the deed to the defendant, Mrs. Golden.
It is true the personal representatives and heirs and distributees of the grantor, are liable upon that warranty; but the liability of Mrs. Hill as a distributee, had she, as dowress, received one-third of the personalty, depends upon the failure of assets in the hands of the administrators and that of the heirs at law, though they may be sued jointly with the administrators, is dependant upon the same contingency.
It does not appear by allegation, or otherwise, that Mrs. Hill is liable to the appellee upon her counter claim. No averment of an insufficiency of assets is made in the answer; and no such insufficiency is otherwise shown. She is the only plaintiff in the action; and the demand by way of counter claim, not being available, as presented against her, nor connected by averment with the original cause of action; is not such a counter claim as is contemplated by the Code; nor such as would authorize a judgment, as upon an original proceeding against the heirs at law. The heirs at law demurred to the counter claim against them, and resisted a judgment thereon, and for the reasons stated, we are of opinion the demurer should have been sustained, and the appellee required to proceed in a separate action against them and the administrators upon the warranty. They were not plaintiffs in the original action, and there was properly no counter demand against them.
With regard to the consideration of the deed, we deem it sufficient to say, that the proof of the alleged illegality, is not such as effects Mrs. Golden’s right to recover upon the warranty, in an appropriate proceeding had for that purpose.
Wherefore, the judgment upon the original petition allotting dower to Mrs. Hill is affirmed, and upon the appeal therefrom, the appellee is entitled to her costs; but the judgment upon the counter claim is reversed, *556 and cause remanded, with directions to the Circuit Court, to sustain the demurrer of the appellants to the counter claim of the appellee as against them, and permit her to amend the same if she desires; or to cause the counter claim to be stricken out of the answer, and made the subject of a separate action.